**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

ALEXIS GREGORIO-ALONSO,
Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]
Respondent.

No. 2:26-cv-03525-SHL-tmp

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 9, 2026, pro se Petitioner Alexis Gregorio-Alonso filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2] (ECF No. 2.) He challenges the legal basis for his immigration-related detention and the lack of an opportunity for an individualized custody review. (ECF No. 2-1 at PageID 11.) Gregorio-Alonso states that he entered the U.S. near Sasabe, Arizona on or about February 23, 2024. (Id.) He reports no criminal history and alleges that ICE agents arrested him on October 2, 2026, while he was riding as a passenger in a vehicle in Jackson, Tennessee. (Id.) He is in custody at the West Tennessee Detention Facility, and seeks immediate release or an individualized bond hearing (Id. at PageID 12.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").

[2] Along with the Petition, Gregorio-Alonso filed an Emergency Motion for Expedited Consideration and Immediate Release. (ECF No. 3.) To the extent that motion requests a stay of Gregorio-Alonso's transfer out of this District, the motion is **GRANTED**.

713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order (ECF No. 6)** to the United States Attorney for the Western District of Tennessee at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE