**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

ALEXIS GREGORIO-ALONSO,
Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,
Respondent.

No. 2:26-cv-03525-SHL-tmp

**ORDER GRANTING PETITION**

On November 9, 2026, Petitioner Alexis Gregorio-Alonso filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) He challenges the legal basis for his immigration-related detention and the lack of an opportunity for an individualized custody review. (ECF No. 2-1 at PageID 11.) He seeks immediate release from Respondent's custody or an individualized bond hearing. (Id.) Respondent responded on November 17, 2026, which is one day after the Court's deadline. (ECF No. 8.; see ECF No. 6 at PageID 19 (requiring Bullock to respond within three business days of November 10, 2026, which was November 16, 2026).) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 21.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Gregorio-Alonso is a citizen of Mexico who has resided in the U.S. since his entry on February 23, 2024. (ECF No. 2-1 at PageID 11; ECF No. 8 at PageID 21.) He was served with a

Notice to Appear on February 24, 2024, placing him in full immigration removal proceedings. (ECF No. 8-1 at PageID 26.) He has a court date related to his Notice to Appear set for July 26, 2027, and also has a pending asylum application with USCIS. (ECF No. 8-2 at PageID 30, 32.) Gregorio-Alonso was taken into ICE custody on October 2, 2026. (ECF No. 8 at PageID 21.) He remains at the West Tennessee Detention Facility. (Id. at PageID 22.) He seeks immediate release from Respondent's custody. (ECF No. 2-1 at PageID 12.)

## ANALYSIS

Bullock concedes that Lopez-Campos governs this matter. (ECF No. 8 at PageID 21.) However, he maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 22.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 22–24.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10

(W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE